UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON HICKS, *on behalf of*
ZETTIE HICKS,

       Plaintiff,

v.

POTESTIVO & ASSOCIATES, P.C.,
*et al.*,

       Defendants.
_____/

Civil Case No. 19-11038
Hon. Linda V. Parker
Mag. R. Steven Whalen

## **OPINION AND ORDER (1) DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 8)**

This action arises out of a residential mortgage foreclosure. Marlon Hicks, purportedly on behalf of his deceased mother Zettie Hicks, currently seeks a preliminary injunction to enjoin his eviction from a foreclosed, unredeemed property. Upon review, the Court is not persuaded that the issuance of a preliminary injunction is proper and, therefore, denies Plaintiff's motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2005, Zettie Hicks accepted a $103,000.00 loan (the "Loan") and, as security for the Loan, executed a promissory note and granted a mortgage (the "Mortgage") on the real property at issue located at 14984 Archdale Street, Detroit, Michigan (the "Property"). (ECF No. 11, PgID 398; Ex. A,

Mortgage, ECF No. 11-2.) The Mortgage was assigned to Defendant U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-NC1 (the "Trustee") on March 24, 2017. (Ex. B, Assignment, ECF No. 11-3.) Defendant Ocwen Loan Servicing, LLC (the "Servicer") is the servicer for the loan. (ECF No. 11, PgID 399.)

Zettie Hicks defaulted on the Mortgage and the Loan was referred to foreclosure, with a foreclosure notice first published on July 30, 2018. (Ex. C, Sheriff's Deed, ECF No. 11-4.) In accordance with the foreclosure notice, a Sheriff's Sale took place on August 30, 2018, and Defendant Trustee purchased the property for $120,795.52. (*Id.*) The redemption period expired on March 1, 2019, and no redemption occurred. (*Id.*)

On February 28, 2019, Marlon Hicks, purportedly on behalf of his deceased mother Zettie Hicks, commenced a *pro se* action in the Wayne County Circuit Court against Defendant Trustee, Defendant Servicer, and Defendant Potestivo & Associates, P.C. ("Potestivo")—the agent for the foreclosing entity—by filing a Complaint alleging eleven counts relating to the Loan. (ECF No. 1.) Defendant Potestivo removed the matter to this Court on April 10, 2019. (*Id.*) Both Defendants have filed motions to dismiss the Complaint. (ECF Nos. 4 & 5.)

Presently, eviction proceedings are pending in the Wayne Country 36th District Court at Case No. 19347224. (ECF No. 11, PgID 400.) An order of eviction has been filed. (Ex. D, Eviction Court Docket, ECF No. 11-5.) Mr. Hicks filed a Motion for Relief of a Void Judgment Under MCR 2.612(C)(1)(d) and a Motion for Injunctive Relief and Declaratory Judgment in that case, and the court denied both without a hearing. (*Id.*) Presently before the Court is Mr. Hicks' Emergency Motion for a Preliminary Injunction. (ECF No. 8.) The motion has been fully briefed, and the Court held a hearing on Friday, June 7, 2019.

## II. STANDARD OF REVIEW – PRELIMINARY INJUNCTION

When a party moves for a preliminary injunction, the district court considers four factors to determine whether to grant relief: (1) the likelihood of success on the merits of the action; (2) the irreparable harm which could result without the requested relief; (3) the possibility of substantial harm to others; and (4) the impact on the public interest. *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985). "Although these four factors must be considered in assessing a request for preliminary injunction, the four factors do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief. Instead, the district court must engage in a realistic appraisal of all the traditional factors weighed by a court of equity." *Id.*

"[T]he preliminary injunction is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it.'" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). The party moving for the injunction has the burden to show that the circumstances clearly demand it. *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Although the district court must balance and weigh the relevant preliminary injunction considerations, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 223 F.3d 620, 625 (6th Cir. 2000). Thus, the court is not required to make specific findings concerning each of the four factors if fewer factors are dispositive. *In re DeLoreon Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

### III. ANALYSIS – PRELIMINARY INJUNCTION

Mr. Hicks seeks a preliminary injunction staying eviction proceedings. However, he fails to set forth any arguments in his motion to show that he is likely to succeed on the merits of any of the alleged causes of action that would entitle him to such relief. In other words, Mr. Hicks could not evade eviction even if he prevails on some of his claims as they would not result in setting aside the foreclosure and allowing Plaintiffs to regain title to the Property. Additionally, the

4

Court is in serious doubt as to whether Mr. Hicks is legally recognized as the personal representative for the estate of Zettie Hicks and whether he has the right to litigate this matter *pro se* on behalf of Zettie Hicks because he has not supplied the Court with any evidence supporting those contentions, nor has he demonstrated any legally cognizable interest in the Property.

A non-attorney cannot represent a *pro per* plaintiff under Michigan law. Mich. Comp. Laws § 600.916; *see Shenkman v. Bragman*, 682 N.W.2d 516 (Mich. Ct. App. 2004) (where court affirmed dismissal of complaint when personal representative of estate pursued wrongful death action without an attorney thereby engaging in unauthorized practice of law); *see also Burgess v. Bernhardt et al.*, No. 268569, 2007 WL 1687543 (Mich. Ct. App. June 12, 2007). Additionally, Michigan law and the Federal Rules of Civil Procedure require that an action be prosecuted by the real party in interest. Mich. Ct. R. 2.201(B); Fed. R. Civ. P 17(a). Furthermore, even if recognized as a "personal representative," Mr. Hicks is not permitted to bring a lawsuit on behalf of Zettie Hicks as a *pro se* plaintiff. *See* Fed. R. Civ. P. 17(c); *see also Thompson v. Mohammed*, No. 13-cv-12388, 2013 WL 4747537, at *1 (E.D. Mich. Sep. 4, 2013) ("While Federal Rule of Civil Procedure 17(c) allows the guardian of an incompetent person to sue on the incompetent's behalf, the rule does not allow the guardian to appear *pro se*." (citation omitted)); *White v. Mathews*, No. 320174, 2015 Mich. App. LEXIS 766,

at *10 (Mich. Ct. App. Apr. 16, 2015) (citing *Shenkman*, 682 N.W.2d at 518) ("It is well-settled, however, that a personal representative who is not a lawyer may not proceed *in propria persona* on behalf of an estate.").

Given that Mr. Hicks is neither a party to the promissory note nor the mortgage agreement, he has no standing to bring this *pro se* action. Mr. Hicks has neither plead nor demonstrated a legally recognized relationship[1] or legal interest in the Property that would permit him to sue on behalf of Zettie Hicks or on behalf of himself; and as a non-attorney he cannot represent Zettie Hicks.

Accordingly, the Court concludes that Mr. Hicks is not likely to succeed on any of his claims.

As the Sixth Circuit has explained:

> Once the six-month redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished," and courts may not set aside the foreclosure unless the mortgagor shows fraud or irregularity "relate[d] to the foreclosure procedure itself." [*Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013)] (internal quotation marks omitted). The mortgagor must also demonstrate prejudice, which means that "they would have been in a better position to preserve their interest in the property absent the defendant's noncompliance with [Mich. Comp. Laws § 600.3204]." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115-16, 825 N.W.2d 329, 337 (2012).

---

[1] During the motion hearing, Mr. Hicks provided the Court with a notarized copy of Zettie Hicks' last will and testament referencing Mr. Hicks (and his sister) as her personal representative. The will, however, is not an instrument by which Mr. Hicks may be granted the right or authority to bring a lawsuit on Zettie Hicks' behalf.

6

*Nance v. Bank of America, N.A.*, 638 F. App'x 476, 478 (6th Cir. 2016) (brackets omitted). Mr. Hicks failed to redeem the Property before the redemption period expired. He does not sufficiently allege fraud or irregularity in "the foreclosure procedure itself" that resulted in some prejudice to him. As such, Mr. Hicks is not likely to succeed in setting aside the foreclosure and regaining title to the Property.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Preliminary Injunction (ECF No. 8) is **DENIED**.

                                                                          s/Linda V. Parker
                                                                          LINDA V. PARKER
                                                                          U.S. DISTRICT JUDGE

Dated: June 7, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 7, 2019, by electronic and/or U.S. First Class mail.

                                                                          s/R. Loury
                                                                          Case Manager