UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON HICKS, *on behalf of*
ZETTIE HICKS,

       Plaintiff,                       Civil Case No. 19-11038
                                            Hon. Linda V. Parker
v.                                                      Mag. R. Steven Whalen

POTESTIVO & ASSOCIATES, P.C.,
*et al.*,

       Defendants.
_____/

## **OPINION AND ORDER GRANTING DISMISSAL**

This action arises out of a residential mortgage foreclosure. Marlon Hicks, on behalf of his deceased mother Zettie Hicks, initiated this action to enjoin his eviction from a foreclosed, unredeemed property. Upon review, the Court concludes that Mr. Hicks lacks standing to bring this action, and therefore, grants Defendants' Motions to Dismiss and dismisses the Complaint with prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2005, Zettie Hicks accepted a $103,000.00 loan (the "Loan") and, as security for the Loan, executed a promissory note and granted a mortgage (the "Mortgage") on the real property at issue located at 14984 Archdale Street, Detroit, Michigan (the "Property"). (ECF No. 11, PgID 398; Ex. A, Mortgage, ECF No. 11-2.) The Mortgage was assigned to Defendant U.S. Bank

National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-NC1 (the "Trustee") on March 24, 2017. (Ex. B, Assignment, ECF No. 11-3.) Defendant Ocwen Loan Servicing, LLC (the "Servicer") is the servicer for the loan. (ECF No. 11, PgID 399.)

Zettie Hicks defaulted on the Mortgage and the Loan was referred to foreclosure, with a foreclosure notice first published on July 30, 2018. (Ex. C, Sheriff's Deed, ECF No. 11-4.) In accordance with the foreclosure notice, a Sheriff's Sale took place on August 30, 2018, and Defendant Trustee purchased the property for $120,795.52. (*Id.*) The redemption period expired on March 1, 2019, and no redemption occurred. (*Id.*)

On February 28, 2019, Marlon Hicks, on behalf of his deceased mother Zettie Hicks, commenced a *pro se* action in the Wayne County Circuit Court against Defendant Trustee, Defendant Servicer, and Defendant Potestivo & Associates, P.C. ("Potestivo")—the agent for the foreclosing entity—by filing a Complaint alleging eleven counts relating to the Loan. (ECF No. 1.) Defendant Potestivo removed the matter to this Court on April 10, 2019. (*Id.*) Both Defendant Potestivo and Defendant Ocwen have filed motions to dismiss the Complaint. (ECF Nos. 4 & 5.)

Presently, eviction proceedings are pending in the Wayne Country 36th District Court at Case No. 19347224. (ECF No. 11, PgID 400.) An order of eviction has been filed[1]. (Ex. D, Eviction Court Docket, ECF No. 11-5.) Mr. Hicks filed a Motion for Relief of a Void Judgment Under MCR 2.612(C)(1)(d) and a Motion for Injunctive Relief and Declaratory Judgment in that case, and the court denied both without a hearing. (*Id.*) Previously, the Court denied Plaintiff's Emergency Motion for Preliminary Injunction on June 7, 2019. (ECF No. 16.) At that time, the Court provided Plaintiff with time to retain an attorney before deciding on Defendants' Motions to Dismiss. On June 21, 2019, the Court held a telephonic conference with the parties where Plaintiff was directed to retain an attorney by July 8, 2019 or have his Complaint dismissed. Plaintiff never contacted the Court. Presently before the Court are Defendants' respective Motions to Dismiss. (ECF Nos. 4, 5.) The motions have been fully briefed, and the Court is dispensing with oral argument pursuant to Local Rule 7.1(f). Because Plaintiff failed to inform the Court of his ability to retain an attorney, the Court concludes that he lacks standing to bring this action and therefore dismisses Plaintiff's Complaint with prejudice.

---

[1] During the pendency of this motion, the eviction proceedings were stayed at the request of the Court.

## II. STANDING

The Court concludes that, regardless of whether Mr. Hicks is legally recognized as the personal representative for the estate of Zettie Hicks, he does not have the right to litigate this matter *pro se* on her behalf, nor has he demonstrated any legally cognizable interest in the Property permitting him to litigate on his own behalf.

Mr. Hicks is not an attorney. A non-attorney cannot represent a *pro per* plaintiff under Michigan law. Mich. Comp. Laws § 600.916; *see Shenkman v. Bragman*, 682 N.W.2d 516 (Mich. Ct. App. 2004) (where court affirmed dismissal of complaint when personal representative of estate pursued wrongful death action without an attorney thereby engaging in unauthorized practice of law); *see also Burgess v. Bernhardt et al.*, No. 268569, 2007 WL 1687543 (Mich. Ct. App. June 12, 2007).

Furthermore, even if recognized as a personal representative[2], Mr. Hicks is not permitted to bring a lawsuit on behalf of Zettie Hicks as a *pro se* plaintiff. *See* Fed. R. Civ. P. 17(c); *see also Thompson v. Mohammed*, No. 13-cv-12388, 2013 WL 4747537, at *1 (E.D. Mich. Sep. 4, 2013) ("While Federal Rule of Civil

---

[2] During the hearing, Mr. Hicks provided the Court with a notarized copy of Zettie Hicks' last will and testament referencing Mr. Hicks (and his sister) as her personal representative. The will, however, is not an instrument by which Mr. Hicks may be granted the right or authority to bring a lawsuit on Zettie Hicks' behalf.

Procedure 17(c) allows the guardian of an incompetent person to sue on the incompetent's behalf, the rule does not allow the guardian to appear *pro se*." (citation omitted)); *White v. Mathews*, No. 320174, 2015 Mich. App. LEXIS 766, at *10 (Mich. Ct. App. Apr. 16, 2015) (citing *Shenkman*, 682 N.W.2d at 518) ("It is well-settled, however, that a personal representative who is not a lawyer may not proceed *in propria persona* on behalf of an estate.").

Mr. Hicks is neither a party to the Promissory Note nor the Mortgage Agreement. Michigan law and the Federal Rules of Civil Procedure require that an action be prosecuted by the real party in interest. Mich. Ct. R. 2.201(B); Fed. R. Civ. P 17(a).

For the foregoing reasons, Mr. Hicks has no standing to bring this *pro se* action. Mr. Hicks has neither pleaded nor demonstrated a legally recognized relationship or legal interest in the Property that would permit him to sue on behalf of Zettie Hicks or on behalf of himself; and as a non-attorney he cannot represent Zettie Hicks.

Accordingly, the Court concludes that Mr. Hicks lacks standing to bring this action.

Accordingly,

**IT IS ORDERED**, that Defendant Potestivo and Defendant Ocwen's Motions to Dismiss (ECF Nos. 4, 5) are **GRANTED**;

5

**IT IS FURTHER ORDERED,** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: July 9, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 9, 2019, by electronic and/or U.S. First Class mail.

                                                  s/ K. MacKay
                                                  Case Manager